JAMES KERRIGAN *vs.* WEST END STREET RAILWAY
COMPANY.

Suffolk. January 19, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Negligence — Collision of Vehicles.*

In an action for personal injuries it appeared in evidence that the plaintiff's wagon
and the defendant's street car were attempting to go around a corner from one
street into another in opposite directions; that as there was a block of vehicles
it was difficult to make safe progress; that immediately before the accident the
wagon and the car were both on the corner, and both stationary on account of
the block, the head of the plaintiff's horse and the heads of the car horses close
together, and that the driver of the car called out to the plaintiff to come ahead,
and that then both the wagon and the car moved forward, the plaintiff starting
up in consequence of the request of the car driver. There was also evidence
tending to show that, after the wagon and car started up, the speed of the latter
was accelerated, and that if the car had remained stationary for an instant there
would have been no collision. On the other hand, there was evidence tending
to show that, if the car had remained stationary, the wagon could not have gone
on so as to get out of the way of the car, on account of another wagon, between
which and the car there was not room for the plaintiff's wagon to pass. *Held,*
that the circumstances were such that the general knowledge and experience of
men would not at once condemn the conduct of either the plaintiff or the car
driver as careless; that the court could not say that there was no evidence tend-
ing to show negligence; and that in such cases, even if the facts are undisputed,
the question whether either or both of the parties was at fault is for the jury.

TORT, for personal injuries occasioned to the plaintiff, by being
thrown from the seat of a wagon, in consequence of a collision
with a street car of the defendant in Boston. Trial in the Su-
perior Court, before *Hopkins,* J., who directed a verdict for the
defendant; and the plaintiff alleged exceptions. The material
facts appear in the opinion.

*F. Burke,* for the plaintiff.

*M. F. Dickinson, Jr. & W. B. Sprout,* for the defendant.

BARKER, J. When the collision between the plaintiff's
wagon and the defendant's car occurred, both vehicles were in
motion in opposite directions. The near hind wheel of the
wagon was struck by the front dasher of the car. Both the
wagon and the car were attempting to go around a corner from
one street into another. There was a block of cars and wagons

in both streets, and it was a complicated and difficult matter for either vehicle to make safe progress.  It is not easy to ascertain, from the statements of the bill of exceptions, the exact situation of affairs, or just how the collision occurred.  But there was evidence tending to show that, immediately before the accident, the wagon and the car were both on the corner and both stationary on account of the block, the head of the plaintiff's horse and the heads of the car horses close together, and that the driver of the car called out to the plaintiff to come ahead, and that then both the wagon and car moved forward, the plaintiff starting up in consequence of the request of the car driver.  There was also evidence tending to show that, after the wagon and car started up, the speed of the latter was accelerated, and that if the car had remained stationary for an instant there would have been no collision.

On the other hand, there was evidence tending to show that, if the car had remained stationary, the wagon could not have gone on so as to get out of the way of the car, on account of another wagon between which and the car there was not room for the plaintiff's wagon to pass.  There was nothing unusual either in the plaintiff's horse or wagon, or the car and its horses, and both drivers were men of experience, and both the car and the wagon were moving slowly.  While we do not hold that, if the accident happened under these circumstances, the driver of the car must be necessarily found to have been negligent if a collision occurred while the plaintiff was driving forward in compliance with his request, we are of opinion that whether he was negligent in causing the collision should have been left to the jury.  Both he and the plaintiff knew that the car was equipped with brakes which gave its driver the power to stop it suddenly, and that, in executing the manœuvre which the car driver had suggested, the plaintiff would be unable to see how closely the two vehicles were approaching after he had moved forward but a part of the distance necessary to clear the car, while the car driver would be in a position to see the plaintiff's wagon until it should be out of the way of the car. We see no evidence that makes it clear that the plaintiff was not in the exercise of ordinary care.  It is evident that the circumstances under which the plaintiff and the car driver were both

called upon to act were complicated, and we cannot see that the general knowledge and experience of men at once condemn the conduct of either as careless, nor can we say that there is no evidence tending to show negligence. In such cases, even if the facts are undisputed, the question whether either or both of the parties were at fault is for the jury. *Fletcher* v. *Boston & Maine Railroad,* 1 Allen, 9, 15. *Gaynor* v. *Old Colony & Newport Railway,* 100 Mass. 208, 212. *Mayo* v. *Boston & Maine Railroad,* 104 Mass. 137, 143. *Lane* v. *Atlantic Works,* 107 Mass. 104.

*Exceptions sustained.*