GEORGE WHITE *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    October 2, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Due Care — Electric Car — Instructions.*

In an action for personal injuries occasioned to the plaintiff by the rear wheel of his wagon being struck by an electric car after he had driven across the track from the right side of the road in order to pass around a standing vehicle which was in his way, and was crossing back again to his proper side of the road, requests for instructions that if the plaintiff had an unobstructed view of the approaching car, and there was nothing to prevent him from turning off the track, the driver of the car had a right to assume that the plaintiff would seasonably turn off the track to avoid accident, and that if the plaintiff was proceeding in his vehicle ahead of the car, and in a course outside of but parallel with the track, the motorman had a right to presume that the plaintiff would not turn upon the track, and under such circumstances the motorman was warranted in proceeding at the usual rate of speed, are rightly refused.

TORT, for personal injuries occasioned to the plaintiff by being run down by an electric car. At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*H. Parker & C. C. Milton*, for the defendant.

*W. A. Gile*, for the plaintiff.

HOLMES, J. The plaintiff had driven across the defendant's track from the right side of the road, in order to pass around a standing vehicle which was in his way, and he was crossing back again to his proper side of the road when his rear left wheel was struck by an electric car which came up behind him. According to the defendant's evidence the accident was due to the plaintiff's stopping suddenly just in front of the car, but the plaintiff testified that he did not stop but was driving continuously around the other vehicle. Other details of fact were in dispute.

The defendant asked for an instruction that, if the plaintiff had an unobstructed view of the approaching car, and there was nothing to prevent the plaintiff from turning off the track, the driver of the car had a right to assume that the plaintiff would seasonably turn off the track to avoid accident. This was refused, and we are of opinion that the refusal was correct. We do not suppose that the instruction asked was intended as a proposition of fact based on the practice and experience of the community. In some parts of the State, at least, it is well known that drivers of vehicles wishing to cross a track assume that electric cars will look out for them at least as much as they look out for the cars. But we suppose that the request was intended to embody a statement of the rights of electric cars irrespective of practice, and to put street railways on very nearly the footing of steam railroads. Whatever may be the law as to the latter, there is great difference between the two cases. Electric cars are far more manageable, and more quickly stopped, than trains upon steam railroads. Their tracks are in the highway, where all vehicles have a right, not merely to cross, but to travel. In view of the inability of the cars to leave their tracks, it is the duty of free vehicles not to obstruct them unnecessarily, and to turn to one side when they meet

them, but subject to that and to the respective powers of the two, a car and a wagon owe reciprocal duties to use reasonable care on each side to avoid a collision. See *Galbraith* v. *West End Street Railway*, 165 Mass. 572, 580. Neither has a right to assume that the other will keep out of the way at its peril, although the electric car has a right to demand that the wagon shall not obstruct it by unreasonable delay upon the track. If the jury believed, as they might, that the plaintiff did not know of the close proximity of the car, and that the motorman did see the plaintiff's wagon and saw that he was proceeding in the ordinary way around an obstacle and clearing the track with reasonable speed, they well might find that due care required the motorman to move slowly or stop until the plaintiff was out of the way. In *Glazebrook* v. *West End Street Railway*, 160 Mass. 239, the plaintiff was coming toward the car, and the driver had a right to expect him to turn out seasonably, as there was nothing to prevent it. Here, according to the plaintiff's story, he was turning off as quickly as he could in order to regain his side of the way.

The defendant asked for a second instruction, that, if the plaintiff was proceeding in his vehicle ahead of the car, and in a course outside of but parallel with the track, the motorman had a right to presume that the plaintiff would not turn upon the track, and under such circumstances the motorman is warranted in proceeding at the usual rate of speed. This also was refused. With reference to the undisputed facts in the case it would have been misleading and incorrect. If anything could be said by a judge as to what the plaintiff might be expected to do, it would be that he might be expected to turn back to the right of the road where he belonged, and from which he had come just before. Even if no part of his previous movements had been seen, the right of the road was the part to which he naturally would tend.

*Exceptions overruled.*