CHARLES E. STUBBS *vs.* BOSTON AND NORTHERN STREET
RAILWAY COMPANY.

Essex.   November 9, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.   Street Railway.   Practice, Civil,* Exceptions.

In an action against a street railway company for personal injuries from being
thrown from the seat of a heavy covered wagon by a collision with a car of the
defendant after dark on an afternoon in winter, where it appears that the top and
sides of the wagon projected beyond the seat where the plaintiff was driving,
so that to look back from the side of the wagon he would have to leave his seat
and stand on a step, but that back of the seat there was an aisle with shelves
and cupboards on each side running to a door at the rear containing a window
through which the plaintiff by looking back could obtain an unobstructed view
of the roadway, if the plaintiff testifies that he was driving at a slow trot on the
right hand side of a single track railway of the defendant, and, having occasion
to cross to the store of a customer on the left hand side of the street, he before
turning looked and listened to ascertain whether a car was approaching, and
believing the track to be clear turned diagonally across the track, that as he
drove into the track he looked as much as he could considering his wagon and
listened and heard nothing, and that just as the rear wheels cleared the track
the wagon was struck by a car of the defendant approaching from behind, these
statements of the plaintiff being somewhat modified but not substantially varied
by the answers elicited in cross-examination, the question whether the plaintiff
was in the exercise of due care is for the jury.

In an action against a street railway company for personal injuries from being
thrown from the seat of a wagon by a collision with a car of the defendant after
dark on an afternoon in winter, where it appears that the plaintiff was driving
in a heavy covered wagon with a projecting top and sides at a slow trot on the
right hand side of the track and turned diagonally across to the store of a cus-
tomer on the left hand side of the street, when, just as the rear wheels cleared
the track, the wagon was struck by a car of the defendant approaching from
behind, if the defendant's motorman is not called as a witness, and there is evi-
dence that the roadway at the point of the collision was lighted by an electric
arc light, that the car was running on a straight track at a speed of not less
than from ten to fifteen miles an hour, and as it approached the wagon, which
from the platform of the car was plainly visible at the right of the track, the
gong was not rung nor the speed slackened, there is evidence for the jury of
negligence on the part of the defendant.

In an action against a street railway company for personal injuries from being
thrown from the seat of a wagon by a collision with a car of the defendant,
where it appeared that the plaintiff was driving in a heavy covered wagon with a
projecting top and sides at a slow trot on the right hand side of the defendant's
track and turned diagonally across to the store of a customer on the left hand

side of the street, when, just as the rear wheels cleared the track, the wagon was struck by a car of the defendant approaching from behind, the question of the plaintiff's due care was prominent throughout the trial.   The defendant asked the judge to rule "that the plaintiff driving along outside the outer rail of the street railway would not be in the exercise of due care if, without taking reasonable precaution to find out whether the car was coming, he drove across the car tracks."   The judge refused to give this instruction and the defendant excepted to the refusal and to a refusal to rule that the plaintiff was not entitled to recover.   The bill of exceptions stated that the judge "submitted the case to the jury under instructions which were not otherwise excepted to except as above stated."   *Held,* that this statement construed in the light of the request above quoted meant that full instructions were given. to which no exceptions were taken; that if the request was intended to express a general proposition the judge was not called upon to follow the words used but was at liberty to instruct the jury in such language as he deemed proper, or, if the request related to a particular portion of the testimony the judge was not required to single out any particular feature of the plaintiff's conduct for the consideration of the jury as conclusive upon the question of his due care; so that in either case there was no ground for exception.

TORT for personal injuries from being thrown from the seat of a heavy covered wagon by a collision with a car of the defendant after dark on the afternoon of January 19, 1903, at about twenty minutes past five o'clock, as the plaintiff was driving across a single track railway of the defendant on Main Street in that part of Haverhill called Bradford.   Writ dated April 29, 1903.

In the Superior Court the case was tried before *Fox,* J.   At the close of the evidence the defendant asked the judge to instruct the jury as follows:

1. Upon all the evidence the plaintiff is not entitled to recover.

2. That the plaintiff driving along outside the outer rail of · the street railway would not be in the exercise of due care if, without taking reasonable precaution to find out whether the car was coming, he drove across the car tracks.

The judge "refused to give these instructions and the defendant duly excepted to each refusal."

The judge "submitted the case to the jury under instructions which were not otherwise objected to except as above stated."

The jury returned a verdict for the plaintiff in the sum of $745; and the defendant alleged exceptions.

*L. S. Cox,* for the defendant.

*H. J. Cole,* for the plaintiff.

BRALEY, J.   The defendant's first request was rightly refused.

In the common use of the highway the parties were under the reciprocal obligation to exercise due care, and the entire width of the way, including the portion occupied by the defendant's track, so far as it had been wrought for public travel, was lawfully open to the use of the plaintiff. *O'Brien* v. *Blue Hill Street Railway*, 186 Mass. 446.

At the time of the accident the plaintiff was driving a heavy wagon, which was covered in such a manner that the top with the projecting sides formed a hood inside and immediately back of which was the driver's seat, where the plaintiff was seated. In the space back of this seat were shelves and cupboards on each side with an alley way between running to the rear where a door containing a window was placed, and by looking down the aisle the driver could obtain an unobstructed view of the roadway. If for this purpose instead of looking through the window he attempted to look back from the side of the wagon he would be required to leave his seat and stand on a step. Upon the direct testimony of the plaintiff the jury could find that while driving at a slow trot on the right hand side of the track at the place where the collision took place he turned diagonally across to the store of a customer on the left hand side of the street, and that before turning he looked and listened to ascertain whether a car was approaching, and believing the track to be clear drove over, when just as the rear wheels cleared the track the wagon was struck by the defendant's car. It also was for them to decide how far his evidence given in direct examination "that as he drove into the track he looked as much as he could, considering his wagon, and listened and heard nothing and crossed over and drove out of the track" was modified by the cross-examination. If the defendant is given the benefit of any discrepancies between these statements, and the plaintiff's case as to his due care is left solely upon the answers elicited in cross-examination, still it could have been found that he was not in fault. It then would appear that the plaintiff leaned out of the side of the wagon and looked to the left as far as he conveniently could, and not seeing or hearing the car approaching, kept on over the track. They further could find that, although the wagon was heavy, the horses had come to a walk, and the noise of the team was not sufficient to prevent him from hearing the approach of

the car. Upon finding a clear road, and neither hearing nor seeing a car coming, and relying on the presumption that the defendant would refrain from negligence, it cannot be said as matter of law that in the ordinary use of a public way under such circumstances the plaintiff was negligent in driving over the track. In *Seele* v. *Boston & Northern Street Railway*, 187 Mass. 248, which the defendant contends governs this case, the plaintiff, driving in a covered wagon, had driven for a long distance close to the outer rail of the track when without taking any precaution to ascertain whether a car was coming in his rear he deliberately turned and drove over. In the present case the plaintiff, if believed, could have been found to have acted with reasonable prudence, and the case on this issue is within *Karrigan* v. *West End Street Railway*, 158 Mass. 305; *Robbins* v. *Springfield Street Railway*, 165 Mass. 30; *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104; *Finnick* v. *Boston & Northern Street Railway*, 190 Mass. 382; *Williamson* v. *Old Colony Street Railway*, 191 Mass. 144; *Driscoll* v. *West End Street Railway*, 159 Mass. 142; *Galbraith* v. *West End Street Railway*, 165 Mass. 572; and *White* v. *Worcester Consolidated Street Railway*, 167 Mass. 43. See *Hennessey* v. *Taylor*, 189 Mass. 583. The testimony relating to the conduct of the defendant's motorman, who was not called as a witness, required the submission of the issue of the defendant's negligence to the jury. It appeared from the evidence of a witness called by the plaintiff that the roadway at the point of the collision was lighted by an electric arc light, and although denied by the conductor and another witness called by the defendant, that the car was running on a straight track at a speed of not less than ten to fifteen miles an hour at the time, and as it approached the wagon, which in its progress along the side of the track was plainly visible from the platform of the car, the gong was not rung nor the speed slackened. *Williamson* v. *Old Colony Street Railway*, *ubi supra.*

The remaining exception is to the refusal to give the defendant's second request. It is plain from the recitals in the exceptions that throughout the trial the question of the plaintiff's due care was prominent, and no instructions to the jury would have been adequate unless their attention was appropriately directed to this issue. That such a course was taken appears

from the statement that "the presiding justice submitted the case to the jury under instructions which were not otherwise objected to except as above stated." When construed with the request this means that full instructions were given to which no exception was taken, as the only specific exception was to the refusal to rule as. requested, not to the rulings given, or of a failure to give any instruction that the burden was on the plaintiff to show that he was using due care. *Corrigan* v. *Connecticut Ins. Co.* 122 Mass. 298, 300. *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257, 263. If the second request was intended to express this general proposition, the presiding judge was not called upon to follow the words used, but was at liberty to instruct in such language as he deemed proper. *Graham* v. *Middleby*, 185 Mass. 349, 354. If the request was predicated upon the defendant's contention that the plaintiff should have stopped his team, and looked back before attempting to cross the track, and that merely to look from the side of the wagon and listen for an oncoming car from this position was insufficient, then the judge was not required to single out any particular feature of the plaintiff's conduct as being specially conclusive of his negligence, but it was for the jury to say whether upon his uncontroverted testimony, under the conditions shown he used ordinary prudence. *Shattuck* v. *Eldredge*, 173 Mass. 165, 168, and cases there cited. *Ellis* v. *Lynn & Boston Railroad*, 160 Mass. 341, 351. *Tashjian* v. *Worcester Consolidated Street Railway*, 177 Mass. 75, 80. *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434, 436. *Pierce* v. *O'Brien*, 189 Mass. 58, 61.

*Exceptions overruled.*