CATHARINE BEIRNE vs. LAWRENCE AND METHUEN STREET
RAILWAY COMPANY.

Essex.   November 8, 1907. — January 13, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence.*

If a woman on a November morning before daylight is following a path, leading
to the mill where she works, which passes through vacant land and then crosses a
street in which there is a street car track, and if a car, which then is eight hun-
dred and fifty feet from the point of crossing, is approaching " very fast " lighted
by thirteen incandescent lights inside and one on the dashboard, and the woman
has an unobstructed view of this car which continues to be unobstructed until
she reaches the crossing, and she then walks in front of the car and is run over,
in an action to recover for her injuries, it does not help her to testify that she
looked and saw no car coming, for, unless she intended to be injured, she either
did not look or else looked carelessly.   Following *Fitzgerald* v. *Boston Elevated
Railway*, 194 Mass. 242.

In an action for personal injuries from being run over by an electric car of the
defendant as the plaintiff was on her way to work early on a November morn-
ing before daylight, if it appears that for about a year before the accident the
cars of the defendant were equipped with search lights in front and that the car
which ran over the plaintiff had no search light lighted, but had a small incan-
descent headlight and had thirteen incandescent lights inside, the fact of the
absence of the search light is immaterial unless it also appears that the plain-
tiff knew of the previous use of search lights and relied on the absence of a
search light, and if she testifies that when she used to see the car in the month
before the accident it " had a small light on it " and that she supposes that at
the time of the accident the lights inside were lighted but cannot say whether
they were or not, this shows that she did not rely on the absence of a search light.

TORT for personal injuries from being knocked down by a
car of the defendant going " very fast," "much faster than
usual " or " twenty-five miles an hour " while the plaintiff, fol-
lowing a path which led to the mill where she worked, was at-
tempting to cross the track of the defendant on Bruce Street in
Lawrence, at about twenty minutes after six o'clock in the morn-
ing of November 28, 1904.   Writ dated November 30, 1904.

At the trial in the Superior Court before *Bell*, J., the facts
appeared which are stated in the opinion.   At the close of the
evidence the judge ruled that, while the evidence as to the neg-
ligence of the defendant was conflicting, there was not sufficient
evidence of due care on the part of the plaintiff to warrant a

submission of the case to the jury. He ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. P. Sweeney*, for the plaintiff.

*S. W. Emery*, for the defendant, submitted a brief.

LORING, J. In the case at bar the plaintiff's path, as she approached Bruce Street, lay through vacant land, and her view of a car coming from the north was and continued to be unobstructed from the time such a car was eight hundred and fifty feet north of the point where the accident took place until it reached that point. The car here in question was lighted by thirteen incandescent lights inside the car and one on the dashboard. The accident happened in the morning, while it was still dark, and although it was "misty and cloudy," it was not the case of a fog which interfered with seeing objects, as was the case, for example, in *Barry* v. *Boston Elevated Railway*, 194 Mass. 265.

On the plaintiff's own story it is plain that she was negligent in not seeing the car, and that her negligence contributed to the accident. The case is covered by *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242. Such a case can be disposed of in one of two ways. It can be said that of necessity either she did not look or that she looked carelessly when she did look. Or it can be said that, taking the time which she selected as the time to look, the car must have been in plain sight and she must have looked carelessly.

In our opinion the former is the true point of view, and from that point of view the statement of the case is enough.

But as we have said, the result is the same, whether the case is approached from the other point of view. The car must have been in plain sight at the time when the plaintiff says that she looked. It was visible eight hundred and fifty feet from the place of the accident. If the plaintiff was walking three miles an hour, it took her eleven and one third seconds to get to the point where the accident occurred, if she looked when she was fifty feet away, and thirteen and three fifth seconds if she looked when she was sixty feet away. To emerge from invisibility and run the intervening eight hundred and fifty feet during these eleven or thirteen and a half seconds the car would have had to run at the rate of nearly forty-five or thirty-seven and one third

miles an hour. The highest speed of the car testified to was twenty-five miles an hour.

The fact principally relied on by the plaintiff's counsel in his argument was that the cars of the defendant railway had been equipped for about a year before the accident with a large carbon electric search light in front of a reflector on the front dasher, and that at the time of the accident the car in question had no such light, or, if it had, it was not lighted. But the plaintiff did not testify that she knew of this and knowing of it relied on it. On the contrary, all that she testified to on that point was that when she used to see the car in October (the month before the accident) " they had a small light on it," and that she supposed that the lights inside were lighted up then but could not say whether they were or were not. The case at the bar therefore is not a case where the plaintiff relied on the search light, and in this respect his case comes within *Connolly* v. *New York & New England Railroad*, 158 Mass. 8.

The case at bar does not come within *Evensen* v. *Lexington & Boston Street Railway*, 187 Mass. 77. That also was the case of a brilliantly lighted car, although that fact does not appear in the report of the case. The plaintiff there made out a case for the jury on the issue of the accident not being caused by his contributory negligence, because he relied on one Helchier, who was driving the wagon in which the plaintiff was seated, and " If the plaintiff's testimony is to be believed, Helchier, at several points on Academy Lane, as he was approaching Sudbury Road, looked for the car ; he was listening all the time and he heard no gong or whistle or anything else indicating the approach of a car ; while at some points he could see two or three hundred feet up the track on Sudbury Road, his view was wholly obstructed at others ; and as he came near the corner of the two streets and near the track the view was much obscured by overhanging trees, both upon the lane and upon the road." pp. 78, 79. " The evidence tended to show that a person travelling upon the lane could have only a very imperfect view up Sudbury Road, the view being entirely cut off at some points by houses and greatly obscured at others by overhanging trees located upon the south side of the lane and the west side of the road." pp. 79, 80. In the case at bar the plaintiff's view was unobstructed.

Neither does the case come within *Beale* v. *Old Colony Street Railway*, 196 Mass. 119. In that case the plaintiff was a boy seven years and six weeks old; he was following a tip-cart, and there were "overhanging bushes, fences, trees and other obstructions to the view of the approaching car."

*Exceptions overruled.*