ANTONIO TOGNAZZI *vs.* MILFORD AND UXBRIDGE STREET RAILWAY COMPANY.

Worcester.   September 28, 1908. — January 8, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, Street railway, In use of highway.

At the trial of an action of tort brought against a street railway company by one who alleged that he was injured by reason of a collision of a butcher's wagon which he was driving and a car negligently operated by the defendant's employees, the evidence tended to establish the following facts: The wagon which the plaintiff was driving was covered and had no openings in the sides or back, so that, in order to look anywhere excepting in front, the plaintiff had to lean forward and around to one side. Just previous to the collision, the plaintiff had driven from a side street, which was at right angles with the street where the defendant's cars ran, upon that street and, before doing so, had leaned forward and had looked carefully in both directions for approaching cars, but had not seen any. At that point the defendant's track was visible for several hundred feet. He stated in his testimony that he so looked because he felt that

it was necessary for his safety that he should do so, and also that he did not know how often nor exactly when the defendant's cars ran at this place. After he drove upon the street where the defendant's track was, he proceeded along the street for about three hundred feet, at first ten feet and later two or three feet from the track, when, arriving opposite a doorway leading to his own house, he turned directly across the tracks of the defendant, without having looked while he was travelling the three hundred feet to see whether a car was approaching, and was struck by a car of the defendant which had approached from behind him and was negligently operated. The plaintiff testified that he heard no bell or gong or car. There was no evidence that he listened. *Held,* that as a matter of law the plaintiff was not in the exercise of due care, since, if he had exercised ordinary precaution and leaned out of his wagon and looked backward before crossing the track the second time, he would have seen the approaching car.

While one, who has been driving in a covered wagon for some distance along a highway upon which are tracks of a street railway, in turning to cross the tracks properly can trust something to the expectation that, if a car is approaching from behind, the motorman will exercise reasonable care not to run into his wagon, he is not justified in relying altogether upon such expectation, but is bound himself to take proper measures for his safety.

Tort for personal injuries alleged to have been received by the plaintiff in a collision between a butcher's wagon, which he was driving, and an electric car of the defendant on East Main Street in Milford at five minutes past one o'clock in the afternoon of November 10, 1906. Writ in the Superior Court for the county of Worcester dated February 18, 1907.

The case was tried in the Superior Court before *King,* J. The facts are stated in the opinion.

At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant on the ground that the plaintiff was not in the exercise of due care ; and the plaintiff alleged exceptions.

The case was argued at the bar in September, 1908, before *Knowlton,* C. J., *Morton, Loring, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*J. B. Ratigan, (J. E. Swift* with him,) for the plaintiff.

*C. C. Milton,* for the defendant.

Morton, J. We assume in favor of the plaintiff without deciding that the evidence warranted a finding that the motorman was negligent; but we think that the ruling that the plaintiff was not in the exercise of due care was correct.

The plaintiff testified that, as he went from North Street into East Main Street across the railroad track, he stooped over or leaned out of his wagon and looked both sides to see if a car was

coming, but did not see any.   He did this, as he testified, because he felt that it was necessary for his safety that he should do so.   There was testimony tending to show that the track was visible for several hundred feet.   After he had crossed the track into East Main Street he drove along nearly parallel to the track at first in about the centre of the street or ten feet from the track and the last part of the way about two or three feet from the track.   His wagon was a covered one with no windows in the sides or back and he could only look ahead within such range of vision as was afforded from where he sat by the opening in the front of the wagon.   He could not see anything at the side unless he stooped over or leaned over and looked out. He drove along until he got opposite the driveway that led into his premises when he turned sharp at right angles and crossed the track to go into the driveway.   The car struck the hind wheel of his wagon before he got across the track and threw him out, causing the injuries complained of.   From North Street to the driveway was three hundred feet, and, after looking as he crossed the track at North Street, the plaintiff did nothing, as he drove along East Main Street, to see if a car was coming, or as he turned to go into his driveway or as he drove across the track. He testified that he did not hear any gong or bell or car.   But there is no evidence that he listened.   To say that he did not hear is as consistent with his not listening as with his listening and not hearing.   The uncontroverted evidence shows that, when he turned to cross the track and go into the driveway, the car was about one hundred and sixty feet away.   If he had exercised ordinary precaution and leaned out of the wagon and looked he would have seen it.   No doubt he could properly trust something to the expectation that if a car did come along the motorman would exercise reasonable care, and would not run into his wagon.   He was not justified, however, in relying altogether upon such expectation, but was bound himself to take proper measures for his safety.   Instead of doing that he turned squarely across the track in front of a rapidly approaching car, which was within a short distance, without taking the slightest precaution to see whether a car was approaching.   He did not rely upon the fact, if it was a fact, that a car was not due, for he testified that he did not know how often nor exactly when

the car passed. He was not justified in relying solely upon the look or glance which he gave when he crossed from North Street into East Main Street, three hundred feet away, even though he saw no car approaching. To rely solely upon the look which he then gave was to invite just such an accident as occurred. In *Williamson* v. *Old Colony Street Railway,* 191 Mass. 144, relied on by the plaintiff, there was evidence that as the plaintiff drove along he " was listening to see what he could hear," and in *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232, also relied on by the plaintiff, there was evidence tending to show that before the plaintiff crossed the track he " looked back to see if it was perfectly safe to go over" perhaps " two hundred or three hundred feet." That the plaintiff recognized that there was or might be danger in crossing the track is shown by the precaution which he took at the North Street crossing; but so far as appears he took no precaution as he crossed the track into his own premises. For a case closely resembling this, although the distance which the plaintiff drove before turning to cross the track was greater, see *Seele* v. *Boston & Northern · Street Railway,* 187 Mass. 248. See also *Birch* v. *Athol & Orange Street Railway,* 198 Mass. 257 ; *Beirne* v. *Lawrence & Methuen Street Railway,* 197 Mass. 173 ; *Fitzgerald* v. *Boston Elevated Railway,* 194 Mass. 242 ; *Saltman* v. *Boston Elevated Railway,* 187 Mass. 243; *Donovan* v. *Lynn & Boston Railroad,* 185 Mass. 533.

In the opinion of the majority of the court the exceptions must be overruled.

*Exceptions overruled.*