## HARRY W. WILLIS *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex.   November 20, 1908. — June 22, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Due care of plaintiff.

In an action against a street railway corporation for personal injuries, from being run down by an electric car of the defendant, it appeared that the accident took place on a street running through a village on which the defendant maintained a single track.   There was evidence tending to show that the car was going very fast, and one witness testified that it was going a mile a minute.   It was a pleasant day in June.   An approaching car could be seen for a distance of at least three hundred feet.   The plaintiff was walking at the rate of from three to three and one half miles an hour and was driving a pair of horses which he intended to hitch to a plow.   He lived nearby, and testified that he knew that cars were likely to come in either direction and that it was a place where cars came at considerable speed.   He testified that just before he attempted to cross the track he looked and listened for an approaching car but saw no car and heard no whistle or other noise to indicate that one was approaching.   On cross-examination he admitted that the car must have been in close proximity to him when he looked.   When he was struck he was crossing the track diagonally with his back toward the approaching car.   The evidence indicated that the horses got over the track safely and were not misbehaving, although they broke away and ran when the plaintiff was struck by the car.   *Held,* that as matter of law the plaintiff was not in the exercise of due care and so was not entitled to go to the jury; that he must have stepped upon the track in front of a rapidly approach-

ing car which was in plain sight, and, if he looked and listened, he must have done so carelessly, as, even if the car was running at the rate of a mile a minute, it must have been in sight when the plaintiff started to cross the track.

TORT for personal injuries from being run down by an electric car of the defendant between twelve and one o'clock in the daytime on June 4, 1907, at or near Main Street and Park Street in North Reading, when the plaintiff was driving a pair of horses, walking behind them, and was going to plow a field off Main Street, having taken the plow there earlier in the day, and having returned from the field to look for the spreader of the plow.    Writ dated October 3, 1907.

In the Superior Court the case was tried before *Hardy,* J. The evidence is described in the opinion.    At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover.    The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,750. The defendant alleged exceptions.

The case was argued at the bar in November, 1908, before *Knowlton,* C. J., *Morton, Hammond, Braley,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*E. P. Saltonstall,* for the defendant.

*J. E. Hannigan,* (*I. Fox* with him,) for the plaintiff.

MORTON, J.    At the time of the accident the defendant was operating a single track electric street railway between Reading and Lawrence.    The track ran along the westerly side of Main Street through the village of North Reading where the accident occurred.    Main Street runs nearly north and south and is crossed by Park Street at approximately a right angle, — the angle of intersection being a little nearer a right angle on the easterly side of Main Street than it is on the westerly side of the street. From a point opposite Park Street, Main Street is straight for about seventeen hundred feet in the direction from which the car came that struck the plaintiff.    As one approached Main Street on the westerly side from Park Street, the view in the direction from which the car came was obstructed by trees and bushes.    The witnesses did not agree how far one coming out of Park Street and crossing Main Street in an easterly direction could see just before stepping on to the first rail of the track in

the direction from which the car came.   It was undisputed, however, that an approaching car could be seen for a distance of at least three hundred feet.   At the time of the accident the plaintiff had come out of Park Street and was crossing the track diagonally in an easterly direction with his back towards the approaching car.   He was driving two horses, walking behind them and holding the reins.   The day was a pleasant day in June and there was nothing either in the conduct of the horses or in the attendant circumstances to distract his attention.   He lived nearby and, as he testified, knew that cars were likely to come in either direction and that it was a place where cars came with considerable speed.   He testified that just before he attempted to cross the track he looked and listened for an approaching car but saw no car and heard no whistle or other noise to indicate that a car was approaching.   There was evidence tending to show that the car was going very fast, — one witness testifying that it was going a mile a minute, which, if taken literally, would be hardly credible.

It is evident, we think, that the plaintiff must have stepped upon the track almost directly in front of a rapidly approaching car which was in plain sight.   He acknowledged on cross-examination that the car must have been in close proximity to him when, as he testified, he looked.   The case comes, it seems to us, within the class of cases in which it has been held that the plaintiff if he looked or listened must have done so carelessly and is consequently in no better position than if he had not looked and listened at all.   *Beirne* v. *Lawrence & Methuen Street Railway,* 197 Mass. 173.   *Fitzgerald* v. *Boston Elevated Railway,* 194 Mass. 242.   *Donovan* v. *Lynn & Boston Railroad,* 185 Mass. 533.  *Mathes* v. *Lowell, Lawrence & Haverhill Street Railway,* 177 Mass. 416.   *Roberts* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 296.

If we assume that no whistle was blown and that the noise of the car was not sufficient to attract attention, there is nothing except the plaintiff's carelessness to account for his failure to see the car, if he looked, as he testified that he did, just before crossing the track.   The approaching car could be seen for several hundred feet, and there was nothing to distract the plaintiff's attention from his own safety.   Even if the car

was running at the incredible rate of a mile a minute, it would have been in sight as the plaintiff started to cross the track. To go three hundred feet, at which distance, as already observed, it was undisputed that an approaching car could be seen, would require at that rate of speed between three and four seconds. The distance from the place where the plaintiff could have seen the car just as he started to cross to the place where he was struck was between seven and eight feet, assuming that the track was of the ordinary width, and to pass over it, at the rate at which the plaintiff was walking, which was from three to three and a half miles an hour, as he testified, would have required not over two seconds. Even if, therefore, the car was going a mile a minute it must have been in sight when the plaintiff started to cross the track. If it was running at a less speed, it is still more evident that it was in plain sight. The case would perhaps have stood differently if it had appeared that the horses had been frightened at the approach of the car, and that the plaintiff while endeavoring to guide and restrain them had found himself upon the track in a place of danger from which he was unable or, in the confusion of the moment, failed to escape. But the case is not put on any such ground. On the contrary it would seem that the horses had got over safely and were not misbehaving, though they broke away and ran when the plaintiff was struck.

It follows, we think, that the plaintiff was not in the exercise of due care, and that the ruling requested by the defendant, that on all the evidence the plaintiff was not entitled to recover, should have been given. We have assumed in the plaintiff's favor that there was evidence of negligence on the part of the motorman.

In view of the grounds on which we rest our decision it has not seemed to us that anything would be gained by reviewing at length the cases relied on by the plaintiff, though we have given them due consideration.

In the opinion of a majority of the court the entry must be,

*Exceptions sustained.*