WALTER B. SMITH *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.     March 2, 1909. — June 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence*, In use of highway.     *Street Railway.*

If, in order to reach a stairway leading to an elevated railway station by way of
a platform which is between parallel tracks on the surface of a street, a
traveller on the highway, instead of continuing to cross to the platform on a
crosswalk on which he is walking, leaves the crosswalk when he still is ten
feet from the nearest street car rail and goes diagonally toward the platform
for some distance and then along beside the rail for four or five steps with his
back to a car which he has seen about two hundred feet away when he left
the crosswalk but which he has not looked at again after leaving the crosswalk,
and is struck by the car just as he steps upon the track, he cannot be said to
be in the exercise of due care, although at the time when he left the crosswalk
he " assumed . . . that he had time to cross the track and get on to the plat-
form before the car came along."

TORT for injuries received from being run into from behind by
a street railway car of the defendant.   Writ in the Municipal
Court of the city of Boston dated July 13, 1907.

The case was tried before *Crosby*, J., who, at the close of the
evidence, ordered a verdict for the defendant.   The plaintiff
alleged exceptions.

*J. J. Shaughnessy*, (*F. P. O'Donnell* with him,) for the
plaintiff.

*W. H. Foster*, (*H. S. MacPherson* with him,) for the defendant.

LORING, J.   On his own story, the plaintiff started from the
westerly sidewalk of Washington Street to cross that street on a
crosswalk just south of Massachusetts Avenue.   Two surface
tracks of the defendant railway run in the centre of that street
with a platform between them, leading to the entrance to an
overhead station of the defendant company's elevated railway.
The plaintiff was on his way to this station.   After walking on
the crosswalk to a point ten feet short of the westerly rail of
the westerly track, he left the crosswalk and proceeded first in
a diagonal direction toward the westerly rail, and then along
beside the westerly rail four or five steps, and was just in the

act of putting his left foot over that rail when he was run down from behind by one of the defendant's cars. He was then thirty feet from the crosswalk and an equal distance from the northerly end of the platform. He saw the car in question some one hundred and fifty to two hundred feet below the crosswalk, just before he left the crosswalk, and did not look again before he was struck. He further testified that "he assumed at the time he saw the car that he had time to cross the track and get on to the platform before the car came along."

This evidence did not warrant a finding that the plaintiff was not guilty of contributory negligence. *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533. *Itzkowitz* v. *Boston Elevated Railway*, 186 Mass. 142. *Murphy* v. *Boston Elevated Railway*, 188 Mass. 8. *Holian* v. *Boston Elevated Railway*, 194 Mass. 74. *Madden* v. *Boston Elevated Railway*, 194 Mass. 491. *Casey* v. *Boston Elevated Railway*, 197 Mass. 440.

The plaintiff relies on *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199; *Hennessy* v. *Taylor*, 189 Mass. 583; and *Bowser* v. *Wellington*, 126 Mass. 39. But in all those cases the plaintiff was walking directly across the street on the crosswalk. Here the plaintiff left the crosswalk and proceeded for thirty feet with his back to the oncoming car. In *McCrohan* v. *Davison*, 187 Mass. 466, also, the plaintiff was walking directly across the street on the crosswalk and was run down when within a foot of the sidewalk which he was seeking to reach. In such a case the fact that he saw the vehicle which struck him and thought that he had time to cross the street was evidence of due care, while it is not in the case at bar. In the case at bar, in place of crossing the track on the crosswalk and walking to the platform between the two tracks, as he could have done, he turned his back on the approaching car and walked forward thirty feet and then started to cross the track without again looking to see if he could do so in safety.

*Exceptions overruled.*