ELIZA A. ROBERTS *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    November 20, 1899. — February 28, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Railroad — Due Care — Action — Evidence.*

A woman, having good sight and hearing, and intending to take a train for another station, attempted in the daytime to cross from one side of a railroad station to the other, where she could take the train, from which station there was an unobstructed view of the track to the south for nearly half a mile, and was struck by an express train coming from the south which did not stop there, and injured. In an action for her injury, she testified that she looked up and down the track, but did not see or hear anything of the train which struck her. *Held,* that she failed to show that she was in the exercise of due care; and that the fact that the baggage master at the station told her that the train which she intended to take would be along in six minutes and to go across to the other side, did not justify her in assuming that she could cross safely.

In an action against a railroad corporation for injuries caused by being struck by a train while crossing the tracks from one side of a station to the other, in which the plaintiff testifies that he noticed a freight train standing on the tracks, it is within the discretion of the judge to exclude evidence as to the situation of freight cars at other times.

TORT, for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. Trial in the Superior Court, before *Hopkins*, J., who ruled that the plaintiff was not entitled to recover, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. E. Cotter & B. H. Greenhood,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

HAMMOND, J.    The plaintiff was struck by a moving train as she was attempting to cross the tracks of the defendant at its

station in Canton.  She was intending. to take the train for Readville, and was crossing the track to the place from which she could take the train.  The question is whether she was in the exercise of due care.  The train which struck her came from the south, was an express train, and did not stop at the station. From the platform from which the plaintiff started there is an unobstructed view of the track to the south, for a distance of nearly 2200 feet.  It ' does not appear that the view was obstructed by any cars standing on other tracks at the time of the accident.  It was daylight.

The plaintiff testified that upon being told to go across to the shelter she got up and went out of the waiting-room " towards the crossing, to go to the shelter and get across, and had one foot up when she was struck.  She was crossing where passengers cross from the waiting-room.  She did not cross right in front of the waiting-room door, but went up the platform a piece until she came to the crossing, and then went across.  She walked straight across the crossing and stepped up one step to the shelter when she was struck. . . . When she came out of the waiting-room she walked over to where the crossing was. . . . She looked up and down but did not stop. . . . She noticed a long train of cars standing there, a freight train. . . . It was standing still."  She did not know whether there was a locomotive attached to the freight train, nor the size and length of the train.  " She was struck as she had one foot up."  As to the train which struck her she testified that she did not notice anything about it, for she neither saw nor heard it.  " She heard no whistle nor nothing."  She further testified that she was sixty-seven years old, had good hearing, and nothing troubled her sight.

It is plain that the train which struck the plaintiff must have been clearly in sight as she stepped from the platform to cross the tracks.  If she looked as she testified she did and did not see the train, she looked carelessly.  If she looked and did see it, then she was attempting to cross the tracks in front of an approaching train, in full view, which was so near as to strike her before she got across.  Such an act constitutes negligence unless there be some excuse for it.

But the plaintiff contends that she was invited to cross the

track at that time, and was therefore justified in believing that she could safely cross. She says that she had a conversation with the assistant baggage-master, as to which she testified as follows: " I asked him what time the train would be along for Readville; he said in six minutes; to go across to the shelter. That is all he said and all I said."

These words of the baggage-master were a mere statement that the train would be along in six minutes, and must be taken from the other side; it was not an assurance that no other trains would pass until the plaintiff's train had come and gone. The train was not at the station, nor did the language relieve her from the duty of looking out for herself while crossing; and it was not understood by her as so relieving her, for she testifies that she did look up and down the track as though the responsibility of caring for herself rested upon her. In this respect the case differs materially from *Warren* v. *Fitchburg Railroad*, 8 Allen, 227, and similar cases cited by the plaintiff, where there was an implied assurance that there was no danger. It is impossible to see how the plaintiff could have been hurt if she had taken proper care of herself. She failed to show that she was in the exercise of due care.

We think the court might properly exclude the questions as to the situation of freight cars at other times. Such evidence, if admitted, might lead to inquiries as to collateral matters too remote and would be as likely to confuse and mislead the jury as to help them. As to the admission of evidence of this character, much must be left to the discretion of the trial court, and we cannot say as matter of law that in this case there was error in its exclusion.

*Exceptions overruled.*