SUSAN B. HAMMOND *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     October 19, 1915. — November 24, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, In use of highway. *Municipal Corporations,* By-laws, ordinances and regulations. *Evidence,* Of violation of ordinance. *Practice, Civil,* Motion for new trial, Report.

A woman at fifteen minutes before seven in an evening in February, at the intersection of two streets where a street light, which customarily was lighted, was not lighted, so that the place was in darkness except for the lights of passing

street cars, when she was about to cross one of the streets containing two street car tracks in order to take a car on the farther track, paused three feet from the nearer track and then saw three cars on the farther track, the first passing her, the second at a standstill in front of her and the third a few feet behind the second. At her left was a car four or five car lengths away approaching on the nearer track with its headlight lighted, which she thought was at a standstill and on the farther track. She thereupon started across the nearer track and was struck by the last named car. In an action by her against the street railway corporation, it was *held* that the foregoing evidence did not warrant a finding that the woman was in the exercise of due care, because either she did not look at the car at all, or, if she did look, she looked carelessly.

Although an ordinance of the city of Boston, revised by the railroad commissioners under St. 1903, c. 143, and relating to the way in which street railway cars shall be operated "in approaching any public or private way intersecting that in which the railway is located," contains a provision that it shall not apply to "spaces especially reserved for street railway cars," it applies to cars being operated upon one of two intersecting streets at the place of intersection, although such street on each side of the intersection has spaces "especially reserved for street railway cars."

In an action of tort for personal injuries after a verdict for the plaintiff, the defendant moved for a new trial on the ground that the verdict was against the evidence and the weight of the evidence and the law and, after a hearing, the trial judge denied the motion and reported the case for determination by this court of the question, whether the judge erred in ruling that on all the evidence a finding that the plaintiff was in the exercise of due care was warranted, it being stipulated that, if such a finding was not warranted, a new trial should be granted. This court ordered a new trial.

TORT for personal injuries received by the plaintiff when she was run into by a street car of the defendant as she was crossing Huntington Avenue at its intersection with Ruggles Street in Boston on February 22, 1909. Writ dated May 14, 1909.

In the Superior Court the case was tried before *Dana*, J. The material evidence is described in the opinion. Regarding the ordinance described in the paragraph of the opinion numbered two, the report stated the following as occurring at the close of the defendant's evidence:

"After conference, the following was admitted, subject to the defendant's exception, as to its competency:

"'In approaching any public or private way intersecting that in which the railway is located, the speed of the car must be reduced to such a rate as will make it possible to stop it immediately.' (Revised Ordinances and Regulations of 1903 of the City of Boston, as amended by the Board of Railroad Commissioners.)

"The Revised Ordinances and Regulations of 1903 of the City

of Boston, as amended, Edition of 1908, may be referred to, and are to be produced at the argument."

By reference to the volume above referred to, it appears that the regulation as originally enacted was an amendment of the Revised Regulation of 1898, and, so far as material, read as follows:

"No person having the control of the speed of a street railway car on the surface of any street, except in spaces especially reserved for street railway cars, shall allow such car to go at a rate of speed faster than ten miles an hour in any part of the city included within the following bounds: [describing a district including the place of the accident in question in the action] at a rate of speed faster than twelve miles an hour; nor in any other part of the city at a rate of speed faster than fifteen miles an hour; nor in turning a corner in any part of the city at a rate of speed faster than four miles an hour."

The board of railroad commissioners, when, under St. 1903, c. 143, the above regulation was referred to them, revised it by adding five provisions, among them the provision which was admitted in evidence.

The jury found for the plaintiff in the sum of $4,700.

The defendant moved to set the verdict aside and for a new trial on the grounds that the verdict was against the evidence and the weight of evidence and the law.

After a hearing, and for reasons described in the opinion, the judge denied the motion and, by agreement of counsel, all exceptions being waived, reported the case for determination by this court of the question, whether he "was in error in respect of either of the above rulings, relative (1) to the competency of the jury, as a matter of law, to find as above the plaintiff in the exercise of due care, or (2) to the said admissibility of said portion of said Revised Ordinances and Regulations of 1903, as amended by the Board of Railroad Commissioners," it being stipulated that, if he was in error in either respect, and the defendant was injured thereby, the motion for a new trial was to be granted; and that otherwise it was to be denied.

*F. W. Knowlton,* (*R. Hale* with him,) for the defendant.

*John Wentworth,* (*J. P. Magenis* with him,) for the plaintiff.

CARROLL, J.   The plaintiff, while crossing the outbound track of the Boston Elevated Railway Company at the corner of Hunt-

ington Avenue and Ruggles Street, Boston, was struck by a car and injured, at about 6.45 o'clock in the evening of February 22, 1909. The arc light in the centre of the avenue was out. The plaintiff crossed the avenue, expecting to take an inbound car. To do this she had to cross both tracks, the outbound track being the nearer. As she left the sidewalk, an inbound car was about to stop. Following this car was another about two or three car lengths in the rear and a third about four or five car lengths distant. When she was about three feet from the outer rail of the outbound track, she stopped. At this time the second car was at a standstill in front of her. As it moved she started to walk across the track, expecting to cross both tracks and to enter the third car. She testified that before crossing the track she looked, and saw a car apparently stationary about four or five car lengths away, which she supposed was on the inbound track. This car was on the outbound track and was the car which struck her.

After a verdict for the plaintiff, the defendant filed a motion for a new trial and the case is here on the report of the trial judge. Two questions are before us: First, Was the plaintiff in the exercise of due care? Second, Was the ordinance hereinafter referred to admissible?

As we construe the memorandum of the trial judge, we must assume that the headlight of the car which struck the plaintiff was not out, as testified by her, but was lighted. The judge ruled, as matter of law, that the jury could find her to be in the exercise of due care, because " (1) She placed the car upon the wrong track. (2) She placed the car at a much greater distance away than it could by any possibility have been, and hit her. (3) She believed it to be possibly stationary, and, at all events, going in the opposite direction to that in which it was actually going, . . . provided that, as a matter of law, they could so find, without also finding that the headlight upon the car was either missing, or was out; and I rule that, as matter of law, they could so find."

The judge's report was made after the hearing on the motion for a new trial and it seems clear from his language in the report of the case for the consideration of this court that he did not think the absence of the headlight a factor in passing on the plaintiff's care.

1. As Mrs. Hammond stood within three feet of the outbound track, she had an unobstructed view of the avenue. One car had just passed her on the inbound track, another directly in front of her was about to start, and a third car, which she expected to enter, was on the same track only a few car lengths away. Under these circumstances, can it be said that a woman of ordinary faculties, who walks in front of an approaching car, is in the exercise of due care when, because of some mistaken sensation, she places the car on the wrong track, believing the car to be stationary? She knew the inbound track was occupied with moving cars. She knew she had to cross both tracks to take the car on this inbound track. The slightest reflection would have shown her that the car which struck her was on the outbound track and could not by any possibility have been on the opposite track. If she had been injured thus in the day time, it probably would be conceded, she was careless; and, although it was dark, she could see the passengers getting on and off the car in front of her, she could locate the cars on the inbound track, and the car approaching her could be readily seen, especially with the headlight burning. If she looked at all, she could have seen the car, and if she looked and did not see it, it was because she did not use her sense of sight properly but looked in a careless manner, with her faculties intent on something else. The mere fact that it was nearly seven o'clock at night does not make her any the less careless, if she failed to exercise that degree of caution which a woman of ordinary prudence is expected to exercise in a similar situation, including the circumstance of the time and the darkness. Before crossing the tracks she knew where she was, the distance — three feet — from the track, how many cars had passed, the space between them and that they were running with some degree of frequency. She also understood the danger of passing in front of a moving car. And even if the headlight "was missing or was out" she could not have failed, if she looked with any degree of care, to see the lighted car approaching her. This is not a case where there is an error of judgment. If any judgment at all was exercised, it was so thoughtless as to indicate the plaintiff's carelessness. *Newburg* v. *Fitchburg & Leominster Street Railway*, 219 Mass. 21. *Beirne* v. *Lawrence & Methuen Street Railway*, 197 Mass. 173. *Byrne* v. *Boston Elevated Railway*, 198 Mass. 444.

2. The ordinance was admissible. In Huntington Avenue there is a reserve space for cars, and the defendant contends that the ordinance requiring a motorman to have his car under control when approaching an intersecting street — as stated in the ordinance — does not apply to cars on reserved spaces. It is equally important for the public safety, where tracks cross an intersecting street, whether from a reservation or along the highway, to have the speed of the car so reduced as to stop it at once, if necessary, and we think the ordinance should be so construed.

The defendant's motion for a new trial is granted.

*So ordered.*