ROBERT RAYMOND, administrator, *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester. November 16, 1915. — January 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway, Causing death.

In an action by an administrator against a street railway corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, for negligently causing the death of the plaintiff's intestate, a woman not a passenger of the defendant, where, on the view of the evidence most favorable to the plaintiff, it could be found that the plaintiff's intestate came from a side street into a street on which there were parallel tracks of the defendant and started to cross the street to take a car at a white post on the opposite side, that, if she had looked before attempting to cross, she would have seen the car that she

intended to take plainly in sight approaching rapidly on a down grade, and that, when she reached the middle of the track on which the car was approaching, she was struck and killed by it, it was *held*, that, the reason of the plaintiff's intestate for attempting to cross the street in front of the car being left to conjecture, there was no evidence for the jury that at the time of the accident she was actively in the exercise of due care as required by the statute.

TORT under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, by the administrator of the estate of Johanna Raymond, late of Worcester, for causing the death of the plaintiff's intestate on March 21, 1913, by negligently running her down with a street railway car operated by the defendant on Lincoln Street in Worcester when she was in the exercise of due care and was not a passenger or in the employ of the defendant. Writ dated April 12, 1913.

In the Superior Court the case was tried before *Hall*, J. The facts favorable to the plaintiff which could have been found upon the evidence are stated in the opinion. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. H. Vaughan*, (*J. F. McGrath* with him,) for the plaintiff.

*C. C. Milton*, (*F. L. Riley* with him,) for the defendant.

BRALEY, J. It has been repeatedly held in actions under R. L. c. 111, § 267, now St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, for negligently causing the death of a person not a passenger, that in order to recover there must be some positive affirmative evidence of the due care of the decedent at the time of injury. *Donaldson* v. *New York, New Haven, & Hartford Railroad*, 188 Mass. 484, 486, and cases cited. *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway*, 177 Mass. 416. If no direct testimony is available, evidence of all the circumstances when sufficiently full may be enough to warrant the inference of due care. *Butler* v. *New York, New Haven, & Hartford Railroad*, 177 Mass. 191.

In the present action under this statute it could be found that the decedent frequently boarded the cars at a certain white post; and the jury on the testimony of those who observed her movements from different points of view could have found properly that, intending to take the car at the post, she started to cross from the opposite side of the street, and that, when she reached the middle of the track on which the car was approaching that

she intended to take, the car struck and killed her. The track in the direction from which the car came was visible for a very considerable distance. If she had looked before attempting to cross, the car should have been plainly in sight approaching rapidly on a down grade, although the rate of speed is not stated. But, if seen by one witness "waving her hand" as she came from a side street into the street where the cars ran, all she is shown to have done is insufficient to warrant an inference that, seeing the car, she concluded from the distance between it and the post that there was sufficient time to pass in safety. It is only on this ground, even if the event proved that she was mistaken in judgment, that the decedent as a traveller could be found to have used ordinary care. *Hennessey* v. *Taylor*, 189 Mass. 583, 585.

The most favorable view of the testimony fails to cover this decisive question either directly or inferentially. It is left wholly to conjecture, and the verdict for the defendant was ordered rightly. *Gleason* v. *Worcester Consolidated Street Railway*, 184 Mass. 290. See St. 1914, c. 553; *Gorham* v. *Milford, Attleborough & Woonsocket Street Railway*, 189 Mass. 275.

*Exceptions overruled.*