JOANNA M. HAYES, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk. March 20, 1916. — May 16, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence*, Street railway, Causing death, Use of highway. *Practice, Civil,*
Judge's charge: misleading illustration.

Where a man in the evening on leaving a sidewalk to cross a street fifty feet wide
with two car tracks in the middle of it was seen to be looking in the direction
of a plainly visible street railway car approaching on the farther track from
two hundred and fifty to three hundred feet away and to be walking slowly with
a hand in his pocket and his head down and was not seen to look in the direc-
tion of the car while crossing the street, and when he was on the nearer
track and the car approaching on the farther track was distant somewhat more
than thirty feet he was seen to take a step or two on the farther track where
he was struck by the car and was knocked down and dragged about twenty-
seven feet, in an action under St. 1906, c. 463, Part I, § 63, as amended by St.
1907, c. 392, § 1, for causing his death, it was *held*, that there was no evidence
that the decedent at the time of the injury that caused his death was actively
in the exercise of due care as required by the statute, and judgment was or-
dered for the defendant.

Where, at the trial of an action against a street railway corporation under St. 1906,
c. 463, Part I, § 63, as amended by St. 1907, c. 392, § 1, for negligently causing
the death of a traveller on the highway, the presiding judge in his charge de-
scribed to the jury the method of arriving at the penalty to be imposed on a
defendant who was found guilty upon an indictment for manslaughter, it was
*said*, that it was not necessary to decide whether the use of this illustration by
the judge was as matter of law so prejudicial to a fair trial of the issues as to
require a setting aside of the verdict and the granting of a new trial; because in
the present case judgment was ordered for the defendant on another ground
and because it was not reasonable to expect that a like illustration would be
used in other cases.

PIERCE, J.     This is an action of tort for the death of the plain-
tiff's intestate, not a passenger, alleged to have been caused by the
negligence of the defendant. In order to recover, there must be
affirmative proof that the decedent was actually looking out for
his personal safety at the time he was injured, and so was in the
exercise of due care within the meaning of these words in St. 1906,
c. 463, Part I, § 63, as amended by St. 1907, c. 392, § 1. *McCue*
v. *Boston Elevated Railway*, 221 Mass. 432. *Gaffney* v. *Bay State
Street Railway*, 221 Mass. 457. *Raymond* v. *Worcester Consoli-
dated Street Railway*, 222 Mass. 396.

Upon the issue of the decedent's due care, the direct and inferential evidence warranted a finding by the jury of these facts: The accident happened on Broadway, South Boston, at or near the easterly crossing of A Street on February 13, 1914, at 8:15 P. M. Broadway is about fifty feet wide and runs nearly east and west, having two tracks in the middle; A Street is about thirty feet wide and crosses Broadway at right angles; there was a white post on the southerly side of Broadway about twenty-five feet east of A Street; there was an electric arc light on the southeast corner of Broadway and A Street which was lighted, and there were stores on both sides of Broadway which were lighted; the plaintiff's intestate was struck by a car which was coming from Boston and going easterly toward City Point on the southerly outbound track; the intestate, immediately before the accident, started at the easterly crosswalk at A Street on the northerly side of Broadway to cross to the southerly side of Broadway; as he left the sidewalk, he was observed by a number of witnesses to be looking in the direction of a plainly visible approaching car, two hundred and fifty to three hundred feet distant; he was walking slowly with a hand in his pocket and head down; no witness testified that the intestate looked in the direction of the car while crossing the street, and a witness for the defendant testified that he did not look; when the intestate was upon the inbound track, the car approaching on the outbound track was distant somewhat more than the width, thirty feet, of A Street; he took a step or two over the outbound track and was struck, knocked down and dragged under the car for about twenty-seven feet.

The undisputed facts leave the question of the decedent's due care after he saw the car from the sidewalk a matter of pure conjecture, and fail to prove that he was actually looking out for his own safety. This is fatal to a recovery on any count of the declaration. See *Callaghan* v. *Boston Elevated Railway*, 200 Mass. 450; *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249.

There was evidence of negligence on the part of the defendant in that its motorman permitted the car to coast across A Street under the then existing conditions.

We need not decide whether that part of the charge\* which described the method of arriving at the penalty to be imposed upon

---

\* Of *White*, J., who presided at the trial.

a defendant found guilty upon a criminal prosecution for manslaughter, was, as a matter of law, so prejudicial to a fair trial of the issues as to require a setting aside of the verdict and the granting of a new trial, as it is not reasonable to expect that a like illustration will be again used.

The request numbered two, that "There is no evidence which would warrant the jury in finding that the plaintiff was in the exercise of due care" should have been given. The exceptions must be sustained and judgment entered for the defendant under St. 1909, c. 236.

*So ordered.*

*H. S. MacPherson*, for the defendant.
*C. W. Rowley*, for the plaintiff.