FRANK KAMINSKI, administrator, vs. ETIENNE FOURNIER.

Worcester.  January 12, 1920. — February 25, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* Causing death, In use of motor vehicle, In use of highway, Contributory.  *Practice, Civil,* Exceptions.

At the trial of an action by an administrator against the owner and driver of a motor vehicle for causing the death of the plaintiff's intestate, there was evidence tending to show that, previous to the accident, the defendant was "coasting" his motor vehicle down a hill about three hundred feet long, and had just passed a street car, which was at the extreme right of the road and was going up the hill; that between the street car tracks and the left hand side of the road there was ample space for vehicles to meet and pass each other; that the plaintiff's intestate was an elderly woman; that, previous to the accident, she had stepped from the sidewalk into the street and had looked both ways but had seen no vehicle approaching; that the place where she stood was about thirty feet from the foot of the hill, and that from there the view was unobstructed up the hill and for a short distance beyond its top; that, after looking both ways, the plaintiff's intestate dropped her house key, stooped to pick it up and was struck by the defendant's vehicle which then was running at the rate of about twenty miles an hour; that the defendant was not a skilful driver and had with him a professional chauffeur, who, seeing the plaintiff's intestate, directed the defendant to "put on the brakes hard," but that the defendant took off the brake. *Held,* that there was evidence warranting a finding that the defendant was negligent and that the plaintiff's intestate was actively looking out for her own safety.

In the action above described the jury found for the plaintiff and, when the verdict was recorded and before the jury were dismissed, the judge under St. 1915, c. 185, reserved leave with the jury's assent to enter a verdict for the defendant if it later should be decided by the Superior Court or by this court that a verdict for the plaintiff ought not to have been entered.  Later the judge, subject to an exception by the plaintiff, allowed a motion that a verdict be entered for the defendant.  This court, having determined that the allowance of that motion was error, also *held,* that a contention of the plaintiff that a new trial must be granted could not be supported and, under St. 1913, c. 716, § 2, *ordered* that the original verdict for the plaintiff should stand.

TORT by the administrator of the estate of Mary Trzybinska, the declaration alleging that the defendant negligently ran into the plaintiff's intestate and caused her death.  Writ dated August 31, 1917.

In the Superior Court the action was tried before *Hammond,* J.

Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict for him be ordered. The motion was denied. There was a verdict for the plaintiff in the sum of $500.

The bill of exceptions recites: "Before the jury was dismissed, and when the verdict was affirmed and recorded, the judge reserved leave with the consent of the jury under the provisions of St. 1915, c. 185, to enter a verdict for the defendant in case it should be decided either by this court or by the Supreme Judicial Court that such a verdict ought to have been so entered. The defendant then filed a motion that a verdict and judgment for the defendant be entered in accordance with the reservation of the court at the trial. This motion was later argued by counsel for both parties. The court allowed the defendant's motion to enter a verdict for the defendant in accordance with the reservation at the trial, but denied the defendant's motion that judgment be entered." The plaintiff alleged exceptions.

St. 1915, c. 185, is as follows:

"Section 1. Chapter one hundred and seventy-three of the Revised Laws is hereby amended by striking out section one hundred and twenty and inserting in place thereof the following: Section 120. When exceptions to any ruling or direction of a judge shall be alleged, or any question of law shall be reserved, in the course of a trial by jury, and the circumstances shall be such that, if the ruling or direction at the trial was wrong, the verdict or finding ought to have been entered for a different party or for larger or smaller damages or otherwise than as was done at the trial, the judge may reserve leave, with the assent of the jury, so to enter the verdict or finding, if upon the question or questions of law so raised the court shall decide that it ought to have been so entered. The leave reserved, as well as the findings of the jury upon any particular questions of fact that may have been submitted to them, shall be entered in the record of the proceedings, and if upon the question or questions of law it shall be decided, either by the same court or by the appellate court, that the verdict or finding ought to have been entered in accordance with the leave reserved, it shall be entered accordingly and, when so entered, it shall have the same effect as if it had been entered at the trial.

"Section 2. Nothing herein contained shall be so construed as to limit the powers of the court conferred by chapter two hundred and thirty-six of the acts of the year nineteen hundred and nine or by chapter seven hundred and sixteen of the acts of the year nineteen hundred and thirteen."

A material portion of St. 1913, c. 716, § 2, is as follows: "Whenever a question in dispute at the trial of an issue of fact in any civil action or proceeding depends upon the decision of a question of law, the full bench of the Supreme Judicial Court, upon appeal, exceptions or report or otherwise, may, if satisfied that it has before it all the facts necessary for determining the question in dispute, direct that such judgment or decree be entered or that such other action be taken as shall accord with the determination of the full court."

The case was submitted on briefs.

E. H. Vaughan & A. R. Greeley, for the plaintiff.

E. I. Taylor, for the defendant.

RUGG, C. J. This is an action of tort to recover damages for the death of Mary Trzybinska. The evidence in its aspect most favorable to the plaintiff would have warranted a finding of these facts: A little after seven o'clock on a late July evening, on one of the principal streets in the town of Webster, the deceased, an elderly pedestrian, received mortal injuries by being struck by an automobile driven by the defendant. The street leads generally in an east and west direction. On its south side was the track of a street railway, between which and the north gutter of the street there was ample space for teams and vehicles to meet and pass each other. The accident occurred about thirty feet easterly from the foot of a hill, straight up which westerly the street went about three hundred feet to its top and thence onward. From the place of the accident an automobile might be seen a short distance beyond the top of the hill. An electric car going up the hill passed shortly before the accident, which occurred thirty or forty feet from the electric car. No vehicles other than the electric car and the automobile, and no persons aside from the deceased and those in the car and in the automobile, were in the neighborhood. The deceased came from the north side of the street, being opposite to that on which was the street railway track. Before stepping off the sidewalk preparatory to crossing

the street, she looked both ways to see if any machine was coming and did not observe any. Then, as "she put her foot on the street from the sidewalk," she dropped her house key and stooped to pick it up and was struck by the automobile moving at the rate of twenty miles an hour. There was evidence to the effect that the deceased took "two steps from the curb" and that she was not "more than a foot or two from the sidewalk." The defendant was not a skilful driver. A professional chauffeur was with him, who testified that they were coasting down the hill, that he saw the deceased upon the sidewalk and noticed her step from the sidewalk into the street, and that he told the defendant to "put on the brakes hard," but instead, the defendant took off the brake.

Plainly, there was evidence of negligence on the part of the defendant.

There was direct and inferential evidence sufficient to support a finding that the deceased was actively in the exercise of due care. *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510. *Hayes* v. *Boston Elevated Railway*, 224 Mass. 303. Evidence to the effect that the deceased looked both ways before stepping off the sidewalk and did not see the automobile is not so clearly contradicted by the irrefutable facts as to require the conclusion that she looked negligently within the rule declared in *Roberts* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 296, *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242, and *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, 396. The case at bar does not fall within that class. If the automobile was being driven at the rate of twenty miles an hour, it would traverse the distance between the place of the accident and the point where it first was within the possible field of vision of the deceased, when according to evidence she looked both ways and saw no vehicle, within a period of fifteen seconds or perhaps less. It hardly can be said that it was impossible according to known facts for the deceased, who was an elderly woman, to have looked up the hill and failed to see the automobile for the reason that it was not then in sight, and yet that it might have struck her as she was stooping over to pick up the key within two feet of the sidewalk. Active attention to her own safety did not require her to anticipate and guard against the danger that an automobile, driven at

such speed as to reach a point in the highway opposite her within fifteen seconds, would run her down rather than avoid collision with her by using other parts of the broad highway. This is especially true in view of St. 1917, c. 200, which requires every person operating a motor vehicle, upon approaching a pedestrian upon the travelled part of a way and not upon a sidewalk, to "slow down and give a timely signal with his bell, horn or other device for signalling." The inference might rationally have been drawn that the deceased was actively looking out for her own safety. *Buoniconti* v. *Lee*, 234 Mass. 73. *Sarmento* v. *Vance*, 231 Mass. 310. *Booth* v. *Meagher*, 224 Mass. 472. *Creedon* v. *Galvin*, 226 Mass. 140.

It is stated in the exceptions that leave was reserved under St. 1915, c. 185, to enter a verdict for the defendant in case it should be decided either by the Superior Court or by the Supreme Judicial Court that such a verdict ought to have been entered. Thereafter the judge, before whom the case was tried, allowed a motion of the defendant to enter verdict in accordance with the reservation. The allowance of that motion was error. The order allowing that motion is set aside and the original verdict of the jury is to stand. The contention of the plaintiff that a new trial be granted cannot be supported. Whether there would be otherwise necessity for a new trial under these circumstances need not be decided, because it is avoided by St. 1913, c. 716, § 2. The powers conferred by that statute expressly are preserved by St. 1915, c. 185, § 2. See *Bergeron* v. *Forest*, 233 Mass. 392, 402, 403; *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 475, 476.

*Exceptions sustained.*

*Verdict of jury to stand.*

*Judgment for plaintiff on the verdict.*