HARVEY E. WEIR, administrator *de bonis non*, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

FRANK GENERAZIO, administrator, *vs.* SAME.

FRANK GENERAZIO, administrator, *vs.* SAME.

Suffolk.    February 8, 1933. — May 22, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Contributory, In use of way, Street railway. *Way*, Public: reserved space.

At the trial of an action by an administrator against a street railway company for the conscious suffering and death of the plaintiff's intestate, who was struck and killed by a car of the defendant at night, there was evidence that the intestate and others crossed the tracks, which were laid in a reservation, at a place where a paved crossing for highway purposes extended across the reservation, and had reached a point about one foot beyond the farther rail when a little girl left the group, and, hurrying toward the sidewalk, ran in front of a moving automobile; that one of the group called to her; that the automobile slowed down and she reached the sidewalk safely; that at about that time the overhang of the street car struck the intestate, who was still standing near the track; that the car was lighted and could have been seen by the intestate, from where he stood, for more than a thousand feet; that it had approached at thirty to thirty-five miles an hour, making the noises customarily made by a moving street car; that no warning signal was sounded by the motorman; that the speed of the car was not lessened before it struck the intestate; and that it did not stop thereafter until it had gone about five hundred feet. The trial judge ordered a verdict for the defendant. *Held*, that

(1) The intestate, at the point where he was struck, had the rights of a traveller upon a public way;

(2) In the circumstances, a finding was warranted that the intestate, by reason of his brief preoccupation in the sudden peril threatening the little girl, which he did not create, was not guilty of a lack of due care sufficient to bar recovery by the plaintiff, even though the intestate had paused so near the track that he was struck by the car;

(3) A finding was warranted that the motorman of the car was negligent;

(4) It was error to order the verdict for the defendant.

THREE ACTIONS OF TORT, each for the conscious suffering and death of the plaintiff's intestate, who was struck and killed by a street car of the defendant at about 9 P.M. on October 27, 1928. Writ in the first action dated January 10, 1929, and in the second and third actions dated April 17, 1929.

The actions were tried together in the Superior Court before *Bishop*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant in each action. Each plaintiff alleged an exception.

*D. J. Gallagher*, (*W. V. Hayden* with him,) for the plaintiffs.

*H. F. Hathaway*, for the defendant.

WAIT, J. The intestates were struck by an electric street car and were killed. They were standing about a foot to the north of the street railway track laid in a reservation at a point where a paved crossing, constructed by public authority as a duly established break for highway purposes, extended across the reservation. They were struck by the right hand corner of the car which overhung the rails on which the car rested. To any one standing where they were the approaching car had been in sight for more than a thousand feet. It was lighted. It was moving at from thirty to thirty-five miles per hour. It was making the usual noises which attend moving street cars. These noises were heard by all the witnesses before the car struck the intestates. No bell, gong or whistle signal was sounded as it drew near; and no application of brakes was made before the impact. There was a white pole stopping place just before the break in the reservation.

About at the time the intestates reached the point where they were standing when struck, a little girl, who had been with them, left the group and, hurrying toward the northern sidewalk of the portion of the highway north of the reservation, ran in front of an automobile. Apparently seeing her danger, one of the party, her father, called to her in Italian. The driver of the automobile slowed and let her pass in safety. As the automobile slackened speed the electric car, which had been gaining on it from behind, passed it; and about as the little girl reached the sidewalk and the automobile came to the nearer side of the break in the reservation, the car struck the intestates. It hurled them into the northern way. One was thrown about twenty, one about forty and one nearly one hundred feet from where they had stood. The street car did not stop until it had gone some five hundred feet beyond the point of collision. For a considerable distance on either side of the break in the reservation there was a three and one half per cent down grade in the direction in which the street car was moving. There was some evidence of conscious suffering.

The defendant rested at the close of the plaintiffs' case. The judge directed verdicts for the defendant. The plaintiffs except. They contend that there was sufficient evidence both of negligence of the motorman and of the due care of the intestates to require submission to the jury.

Certain facts are indisputable. The intestates had crossed the car tracks on a part of the reservation where they had the rights of travellers upon a highway. At that point the defendant had no exclusive right of way, or right paramount to that of the intestates to pass over the reservation. *Welch* v. *Boston Elevated Railway*, 214 Mass. 168. *Minihan* v. *Boston Elevated Railway*, 260 Mass. 490. See also *Hammond* v. *Boston Elevated Railway*, 222 Mass. 270. A single step would have taken each of them beyond the overhang of the car. They had plenty of time to take that step after the little girl left them. They were not struck until she had reached the further sidewalk. Upon the evidence the only explanation for their failure to reach a

place of safety which is consistent with due care on their part is that they paused in horror at the apparent danger threatening the little girl. The approaching street car running upon the rail near which they stood was in plain sight, moving swiftly, and making noises heard by witnesses in houses near at hand. Unless held spellbound by the child's danger, motionless as they stood, and, for that reason, disregardful of their own peril, the evidence requires a finding of lack of due care. The emergency removed all thought for themselves. In *Renwick* v. *Eastern Massachusetts Street Railway*, 275 Mass. 145, *Notaro* v. *Boston Elevated Railway*, 273 Mass. 296, and *Loyle* v. *Boston Elevated Railway*, 260 Mass. 404, where we held that persons being so near car tracks that they were hit, were as matter of law not in the exercise of due care, there was an element of continuous absorption in some occupation, more than momentary, that established lack of care for safety. In each case the injured persons had been in what, if they had given it thought, they must have known to be a place of danger for some period of time without taking any precaution to guard against an oncoming street car. Here, having passed almost out of a place of danger under circumstances such that no lack of care for themselves could properly be predicated of them, it could be found that a happening not to be anticipated, not, in ordinary experience, to be thought of and allowed for, prevented them from going on in safety as they had planned to do and held them in a dangerous position in which, before the danger was realized, injury came upon them. Although there was a lack of care, the lack was one of which a jury might justifiably believe any prudent person might well be guilty, and so was not that lack of due care which bars recovery if it contributes to an injury.

This case more nearly resembles *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, where we held it for a jury to determine whether one was using due care who unexpectedly was forced by passing automobiles to pause as he was passing in front of a street car; and the somewhat similar case of *McBride* v. *Middlesex & Boston Street*

*Railway*, 276 Mass. 29.  We can not say that the intestates created the emergency which resulted and so are unable. to invoke the doctrine of sudden peril.  See *Rundgren* v. *Boston & Northern Street Railway*, 201 Mass. 156, 158.  It follows that in the opinion of a majority of the court the issue of contributory negligence was for the jury.

On the issue of the motorman's negligence it was for the jury to say whether a speed so great, or a disregard of conditions at this crossing so complete, that the car was not stopped before it had gone nearly five hundred feet, did not indicate failure to have his car in proper control. Although he could see that the intestates had crossed the track and presumably would be in a place of safety before his car reached them, jurors might justifiably find that proper attention to his rails and to what was within dangerous distance of them, would have shown them still in danger and have led to gong or whistle signals that might have warned the intestates in time to save their lives. See *Gould* v. *Boston & Maine Railroad*, 276 Mass. 114.  Although in view of other warnings the intestates might not have been in position to set up lack of gong or whistle signal as grounds of negligent conduct entitling them to recovery, the failure to give them might be significant on the question whether the motorman was using proper care in handling his car.

*Exceptions sustained.*