Gillen, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries as a result of an accident which occurred on December 29,1946, on Blue Hill Avenue, Dorchester. At the trial of this case the plaintiff was the only person to give any testimony. He testified that on December 29, 1946, at about 3 p. m., he arrived on an inbound passenger loading platform on Blue Hill Avenue at Morton Street, Dorchester, Massachusetts; that it had been snowing, but the platform was free of snow and had been sanded. He observed other persons standing on the platform, but they were at the end which was nearer Boston. After he stood there for awhile, he observed the street car approaching when it was some distance away and, at that location, the street car rail was straight, and at some time, he observed the operator of the street car pointing with his finger toward the further end of the platform, at which end the other persons were standing, *6 and motioning to him to go to that point. The street car came at snch a speed, the plaintiff had to turn and run or trot along the platform toward the direction indicated and in the same direction as the street car. While he was so running or trotting, the front side of the street car, in passing him, came in contact with him and he was knocked down.
At. the close of the evidence the defendant made the following requests for rulings of law and the action of the trial judge is set forth thereon.
(1) Upon all the evidence, the Plaintiff is not entitled to recover. Denied.* (a) ’The Defendant, its agents or servants were not negligent. Denied, (b) The Plaintiff was not in the exercise of due care. Denied.' (2) The Plaintiff was contributorily negligent as a matter of law. Denied. (3) The Plaintiff placed himself in a position so near to the approaching vehicle that he contributed to.his injuries. Denied. I find on the facts that the Plaintiff was directed to place him-< self in the position by the Defendant’s servant or agent. (4) The Plaintiff’s mis judgment of the distance that he was from the car rail was not the fault of the Defendant. Denied. See notation regarding request number 3. (5) The Plaintiff was free to choose the place where he stood or walked and, if the Plaintiff chose a place so near to the car rail that he would be struck by an approaching or passing street car, he was contributorily negligent as a matter of law. Denied. I find on the facts that the street car operator did not give the Plaintiff sufficient opportunity to place himself in a position of safety.
The trial judge found for the plaintiff.
The defendant claims to be aggrieved by the denial of the requests for rulings of law.
On the evidence the trial judge could have found that the operator of the street car prior to the time that it arrived *7 at the loading platform had indicated to the plaintiff at just what locus on the platform he would eventually bring the car to a stop. That as the plaintiff, on the signal of the operator, headed for the “stop locus” he was ahead of the car for a time and was running, that the front end of the street car struck the plaintiff as it was passing him. That as the operator had directed the plaintiff to a stop on the platform and being in a position to watch his progress to the designated “stop locus” prudence would have called for the operator to refrain from passing the plaintiff while he was running toward the end of the platform. That the conduct of the operator was negligent. Morrissey v. Boston Elevated Ry., 210 Mass. 424. On the other hand we think that in view of all the circumstances, the fact that while the plaintiff in traversing the course to the 11 stop locus” was so mistaken in his position as to come so close to the street car tracks that the car contacted him would not require a finding of contributory negligence as a matter of law. Austin v. Eastern Mass. St. Ry., 269 Mass. 420; Nolan v. Boston Elevated Ry., 271 Mass. 375; Weir v. Boston Elevated Ry., 283 Mass. 41.
The defendant stresses that the action of the trial judge on request No. 3, “The plaintiff placed himself in a position so near to the approaching vehicle that he contributed to his injuries,” and request No. 4, “The plaintiff’s misjudgment of the distance that he was from the car rail was not the fault of the defendant” constituted error. We do not think so. Both of these requests are based on a fragment of the evidence and did not have to be given.
The evidence warranted a conclusion that the defendant was negligent and that the plaintiff was not guilty of contributory negligence. We find no error. The order is Report dismissed.

The trial court’s ruling and findings on each of the Defendant’s Requests for Rulings are printed in italics following the‘request.