*Northern District*
No. 6244
**GLENDA A. BANFIELD, p.p.a., et al**
**v.**
**ROBERT P. O'BRIEN**

*Present*: Brooks, P.J., Yesley & Durkin, JJ.

Case tried to *Troy, J.* in the Municipal Court of Dorchester No. R 1923.

Argued: ——— 1966. Decided: ——— 1966.

*Brooks, P.J.    This is an action of tort in three counts.* Count one is for damage to minor plaintiff's automobile, count two for personal injuries to minor plaintiff and count three for consequential damages sustained by minor plaintiff's father. The answers of defendant, owner and operator of the vehicle with which plaintiff's vehicle collided were, so far as pertinent, general denial, negligence and violation of law.

*There was evidence as follows:*

On April 11, 1964 the plaintiff, Glenda A. Banfield, had driven her husband to his place of employment, The Standard Thompson Corporation on Grove Street, Waltham, at about 6:45 A.M. She left the premises by way of the driveway leading on to Grove Street.

Grove Street is a public way, twenty-five to thirty feet in width. The driveway to Standard Thompson's parking lot is fifteen feet wide. Along Grove Street there are trees and shrubs—the shrubs standing about twice as high as an automobile.

Plaintiff came out of the parking lot and looked to her right and to her left and started out on to Grove Street turning to her right to go down the street. When she looked she could see to her left a distance of 200 yards. She saw no cars approaching. As she was beginning to turn to her right she was struck by defendant's car coming from her left. Her speed was 5 miles per hour. The first time

she saw the defendant's car was at the point of the accident.

The defendant testified that he was proceeding on Grove Street at approximately twenty to twenty-five m.p.h. on his way to work at the Raytheon Plant, adjacent to and beyond the Standard Thompson Corporation. When he first saw the plaintiff she was entering Grove Street and he was opposite the driveway from which she was entering. The points of contact between the two cars were the left front side of the plaintiff's car and the right side of defendant's car to the rear of the defendant's right front fender.

Defendant testified that as plaintiff emerged from the driveway she was looking to her right and he could see the back of her neck. Her car came to a stop at the point of the collision. Defendant's car came to a stop on the other side of Grove Street.

Defendant filed the following requests for ruling:

1. The evidence warrants a finding for the defendant.

2. The evidence requires a finding for the defendant.

3. The evidence does not warrant a finding for the plaintiffs.

4. As a matter of law the defendant had the right of way.

The Court allowed defendant's request #1 and denied defendant's requests #2, #3, and #4.

The Court's finding was as follows:

| | |
|---|---|
| Count #1 | $125.00 |
| Count #2 | 975.00 |
| Count #3 | 75.00 |
| Total | $1,175.00 |

The defendant claims to be aggrieved by the denial of requests #2, #3 and #4.

The primary issue here is whether there is any evidence of negligence on the part of the defendant and secondarily whether plaintiff was negligent as a matter of law. Plaintiff's reported testimony discloses that at 6:45 A.M. on April 11th after letting off her husband at his place of business she drove out of the employer's parking lot on to Grove Street via the exit (referred to in the report as drive-way) fifteen feet wide; that before entering Grove Street she looked to her left at a point where she said she could see down Grove Street a distance of 200 yards and observed no on-coming vehicles; that as she was beginning her right turn at about five m.p.h. preparatory to proceeding along Grove Street she was hit by defendant's car which she had not seen up to that point. It does not appear whether plaintiff came to a stop before looking nor just where she was when she looked nor how far out onto Grove Street she had proceeded before the impact. The report states that along Grove Street on both sides of the "entrance way" (exit) there are trees or shrubs—the shrubs being about twice as high as automobiles.

The burden is upon plaintiff to establish defendant's negligence. Up to this point there is no evidence of negligence on defendant's part. For the purpose of passing on the question of the defendant's negligence it is important to know both whether defendant's speed contributed to the accident, also whether plaintiff's car was visible to defendant long enough before the collision for him to have come to a stop before the collision assuming he was travelling at a reasonable speed. If, for instance, there was evidence that defendant was proceeding at excessive speed this might not only be evidence of defendant's negligence but explain why plaintiff had not observed defendant's car when she looked to her left, thereby negativing the possibility of negligence on her part. Then again if there was evidence that the collision had taken place a substantial distance, say 50 or 75 feet beyond the driveway, negligence might be inferred on part of defendant in not stopping his car, also contributory negligence on part of plaintiff might be disproved. There is, however, no such evidence. For the court to assume such extenuating circumstances would be pure conjecture and conjecture is not enough.

On the other hand, defendant's testimony fills in these blank spots in the overall testimony and without in any way conflicting with plaintiff's testimony shows just what happened. Defendant's testimony was that he was already opposite from the parking lot

exit when he saw plaintiff's car emerging and that it turned into the side of his car. This is corroborated by the physical aspects of the collision, namely that the damage was to the left front side of plaintiff's car and the right side of defendant's car—back of front fender. There was no damage to the front of defendant's car. In other words, defendant's testimony supplements plaintiff's testimony and removes all conjecture.

A case not dissimilar to the present case as bearing on defendant's negligence is *Buckley v. Railway Express Agency,* 323 Mass. 448, 451. There was a collision of automobiles. The trial court found that plaintiff was in the exercise of due care and that defendant's operator was negligent in failing either to slow down or to come to a stop before colliding with plaintiff's motor vehicle. The Supreme Court said:

> "This finding will not be set aside if it can be supported on any reasonable view of the evidence. *Barttro v. Watertown Square Theatre,* 309 Mass. 223, 294. The evidence here fails to show any negligence on the part of the defendant. The judge might have disbelieved the testimony of the defendant's operator but such disbelief is not the equivalent of proof contrary to that testimony . . . It is to be noted that the report concludes with the following statement: 'This report contains all the evidence material to the question reported.' In view of this statement, which we think is controlling, we are not at liberty to assume that there was any evidence more favorable to the plaintiff

than that which is contained in the report. It follows that the trial judge erred in denying defendant's first request."

Leaving out for the moment the matter of defendant's negligence and considering the equally important matter of plaintiff's due care the question arises,—who was really responsible for the accident? The answer seems inescapable that it was plaintiff's lack of due care in entering Grove Street,

There are many cases bearing upon varying aspects of plaintiff's due care. It is true that the court can rarely say that plaintiff has been negligent as a matter of law. There are cases where the court has held that merely looking carelessly does not necessarily constitute negligence and the mere fact that a pedestrian looked and saw no approaching vehicle is not as a matter of law conclusive against him on the question of due care. *Nicholson v. Babb,* 304 Mass. 216 and cases cited.

On the other hand where there is testimony that the pedestrian looked before proceeding and all the circumstances lead to the inescapable inference that if the pedestrian looked at all he must have looked carelessly then he must be found contributorily negligent as a matter of law. *Gibb v. Hardwick,* 241 Mass. 546. In that case plaintiff went around the rear of an electric car and was hit by an automobile which she could have seen if she had looked.

In *Hammond v. Boston Elevated Railway,*

222 Mass. 270, plaintiff stepped in front of a street car which she saw but thought was on another track. The court said:

"If she looked at all she could have seen the car and, if she looked and did not see it it was because she did not use her sense of sight properly and looked in a careless manner with her faculties intent on something else . . . If any judgment at all was exercised it was so thoughtless as to indicate the plaintiff's carelessness."

The court seems sometimes to distinguish between looking but not seeing and in not looking at all. *Kaminski v. Fournier,* 235 Mass. 51, for instance was a case of an elderly woman stepping off a curb stone after looking both ways and seeing no vehicles. When a couple of feet from the curb stone she dropped her house key and while she was stooping over to pick it up she was hit by a car that presumably was in sight. The court said:

"Evidence to the effect that the deceased looked both ways before stepping off the sidewalk and did not see the automobile is not so clearly contradicted by the irrefutable facts as to require the conclusion that she looked negligently within the rule declared in *Roberts v. New York, New Haven Railroad,* 175 Mass. 296; *Fitzgerald v. Boston Elevated Railway,* 194 Mass. 242 and *Pigeon v. Massachusetts Northeastern Street Railway,* 230 Mass. 392, 396. The case at bar does not hold within that class . . . It hardly can be said that it was impossible according to known facts for the deceased who was an elderly woman to have looked

up the hill and failed to see the automobile for the reason that it was not then in sight and yet that it might have struck her as she was stooping over to pick up the key within two feet of the sidewalk. Active attention to her own safety did not require her to anticipate and guard against the danger that an automobile driven at such speed as to reach a point in the highway opposite her within fifteen seconds would run her down rather than avoid collision with her by using other parts of the broad highway."

In *Goulding v. Boston Elevated Railway,* 262 Mass. 47, 50, where plaintiff was struck by a street car, the court said:

"In view of the presence of auto-trucks, automobiles and other traffic and the presence of many workmen in proximity to where he stood it could have been found that his view of the car was so obstructed that he could not have seen it in time to avoid the accident. He had the right to rely somewhat on the expectation that a signal would be given by an approaching car and that the car would not be so negligently operated that he would be injured."

In *Hennessey v. Moynihan,* 272 Mass. 165, plaintiff looked but did not see an approaching truck which was in sight. The court said that she was entitled to rely to some extent on the belief that the defendant would not operate the truck negligently. In this instance the truck skidded into plaintiff.

In *Marturano v. Eastern Massachusetts Street Railroad,* 306 Mass. 231, 235, the

court, distinguishing that case from *Fitzgerald v. Boston Elevated St. Railway,* said:

"The physical facts that could have been found are not so clear as to show that the car was within Ryan's vision at the time when, according to his testimony, 'there was nothing coming' . . . It can not be said as a matter of law that when he looked to the right, as he said he did, he should have seen the car."

Where plaintiff did not look at all as in *Will v. Boston Elevated Railway,* 247 Mass. 250, the court had no difficulty in holding plaintiff contributorially negligent. The plaintiff had alighted from an automobile into the pathway of a trolley car without looking to see if any car was coming. The court said:

"It is manifest that the slightest attention to his own safety would have prevented his injury. While he might depend to a reasonable extent on the expectation that the motorman would not be negligent, he was not justified in abandoning all precautions for self-protection."

In the *Robert's* case (175 Mass. 296) above referred to, the plaintiff was going to take the train for Readville and had to cross the tracks to the place from which she could take the train. From the platform from which the plaintiff started there was an unobstructed view for a distance of nearly 2200 feet. She looked both ways, then, while crossing the track, was hit. The court said:

"It is plain that the train which struck the plaintiff must have been clearly in sight as she stepped from the platform to cross the track. If she looked,

as she testified she did, and did not see the train, she looked carelessly. If she looked and did see it then she was attempting to cross the tracks in front of an approaching train in full view which was so near as to strike her before she got across. Such an act constitutes negligence, unless, there be some excuse for it." (There appeared to be none.)

In *Fitzgerald v. Boston Elevated Railway,* 194 Mass. 242, 243, plaintiff crossed the street to get a car after having looked both ways and did not see anything approaching. The court said:

"*Roberts v. NY, NH & H RR,* 175 Mass. 296, relied on by the defendant is not necessarily decisive of the case at bar, because the crossing there in question was a crossing of a steam railroad . . . But the principle so clearly stated in *Roberts,* 175 Mass. 296, is in our opinion applicable in the case of a street railway. In our opinion if one crossing the tracks of a street railway, testifies that he looked to see whether a car was coming (which car was in fact in plain sight) and that he did not see it, he must have looked carelessly and is in no better position than if he had not looked at all."

*Pigeon v. Massachusetts Northeastern Street Railway,* 230 Mass. 392, 395, 396, is similar to the case before us. An automobile occupied by plaintiffs started across the railway tracks from a point 19 feet from the railroad and was hit by a street car. The court said:

"All the evidence . . . permits only one rational inference, and that is that the negligence of the

plaintiffs directly contributed to their injuries. It was day-light . . . As it (automobile) started they were about 19 feet from the rail. Each realized the danger and each one was on the look-out for a car, according to the testimony of each. From the facts as stated by each of them, the inference is irrestible that, if any of them had seen the car and acted with prudence in giving the alarm, the accident might have been avoided. The automobile was just starting from a stationary position on low speed and necessarily moving slow-ly. It could have been brought to a stop almost instantly. The record discloses a situation where the plaintiffs . . . went into the path of a known danger in plain sight without rational explanation consistent with due care. If they had taken the obvious precautions which ordinarily cautious persons ought to have taken for their safety, the accident would not have happened."

While defendant was required to use ordinary care, that is to say the care that the ordinary prudent man should use under like circumstances, ordinary care being a relative term, *Scannell v. Boston Elevated Railway,* 176 Mass. 170, 172, 173, the same is true of plaintiff.

The somewhat unusual circumstances of this case are important. This is not a situation where plaintiff knowing she is within the vision of defendant may assume that the latter will exercise care to avoid collision. Such is the usual highway intersection accident where there is a reciprocal burden on fellow travellers of the highway. This is true even where

a main thoroughfare is crossed by a minor highway. The case before is not even that. There is no duty on an automobile operator to slow down at every private driveway to make sure that no one is about to emerge in his path. Where he can see the driveway far enough ahead he must, of course, be watchful. He must not travel in a congested area at such speed as to make it perilous for a prudent person to exit onto the highway.

On the other hand, the operator of a car on the highway has a right to expect a high degree of care on the part of other persons entering the highway from a private driveway. The more the driveway is obscured the greater the care to be exercised on leaving it. Here shrubs and trees along the highway so obscured the view that neither traveller was aware of the other until too late for either to avoid the collision. There was no reason for defendant to anticipate that plaintiff would pop-out without warning. There is no evidence that she even sounded a warning.

In summary, we find no evidence of negligence on the part of defendant. We find as a matter of law that plaintiff was not in the exercise of due care, that is to say we hold that the trial judge erred in denying defendant's requests Nos. 2 and 3.

*Finding is vacated and judgment is ordered for defendant.*

W. Channing Beucler of Boston for the Plaintiff.
Murphy & White of Boston for the Defendant.